UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE CARLOS PEREZ ACANDA,

      Petitioner,

    v.

DAVID HARDIN, GARRETT RIPA,
TODD LYONS, SECRETARY
KRISTI NOEM,  U.S. ATTORNEY
GENERAL,  US IMMIGRATION
AND CUSTOMS ENFORCEMENT,
EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW (EOIR),
DEPARTMENT OF HOMELAND
SECURITY (DHS),  WARDEN,
GLADES COUNTY DETENTIION
CENTER,

      Respondents,

Case No. 2:26-cv-00567-KCD-NPM

## **ORDER**

Petitioner Jose Carlos Perez Acanda has moved the Court for relief from its judgment under Fed. R. Civ. P. 60(b). The Government has responded. (Doc. 13.)[1] For the reasons below, Acanda's motion is **GRANTED IN PART**.

Federal Rule of Civil Procedure 60(b) "allows a court to reconsider an order on the grounds of mistake, fraud, inadvertence, misconduct, newly discovered evidence, or if the judgment is void." *Baker v. Rudd*, No. 8:25-CV-

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

2649-JLB-CPT, 2026 WL 596301, at *1 (M.D. Fla. Mar. 3, 2026). "A district court has broad discretion in ruling upon a motion for reconsideration under Rule 60(b), and it should balance the need for substantial justice against the sanctity of final judgments." *Id.*

Several weeks ago, the Court denied Acanda's habeas corpus petition. (Doc. 10.) At the time, the law seemed straightforward enough: he was apprehended at the border in 2022, making him an applicant for admission subject to mandatory detention without a bond hearing under 8 U.S.C. § 1225. The Court told him then that his argument for a bond hearing ran "headlong into the facts." (Doc. 10 at 3.) But as it turns out, that order has now run headlong into binding appellate precedent. The Eleventh Circuit has since changed the legal landscape, requiring a do-over here. *See Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026).

Under *Hernandez Alvarez*, § "1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." 2026 WL 1243395, at *14. Acanda falls into the latter category since he is not seeking lawful entry. So, the "[f]ederal regulations provide that [he] receive a bond hearing." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018).

"[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings."

2

*Hulke v. Schmidt*, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Acanda is an alien without lawful status. That means he is entitled to a bond hearing under § 1226(a), not immediate release or anything else. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025). Consistent with the "comfortable majority position," the Court will require the Government to provide Acanda with the statutory process required under § 1226(a), which includes a bond hearing. *Id.*

Accordingly, the Motion for Relief from Judgment Under Rule 60 (Doc. 11) is **GRANTED AS PROVIDED ABOVE**. The Clerk is directed to reopen the case and enter judgment in Acanda's favor as per this order. The Court's prior order (Doc. 10) is **VACATED**. The Government must provide Acanda with the statutory process required under § 1226, which includes a bond hearing. All other or different relief sought in the habeas petition is **DENIED**. Once the new judgment is entered, the Clerk is directed to again close the case.

**ORDERED** in Fort Myers, Florida on June 29, 2026.

Kyle C. Dudek
United States District Judge

3